UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Kathleen McKee a/k/a Kathleen Albright, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>TrueAccord Corp.,<br>Plaza Services LLC,<br><br>Defendant(s). | C.A. No: 5:25-cv-67<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Kathleen McKee a/k/a Kathleen Albright (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendants TrueAccord Corp. (hereinafter referred to as, "TrueAccord") and Plaza Services, LLC (hereinafter referred to as "Plaza" or collectively with TrueAccord as "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ 1692(b) and 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Iredell.

8. Defendant TrueAccord Corp. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA, with an address for service c/o its registered agent, Incorp Services, Inc., located at 176 Mine Lake CT, Ste 100, Raleigh, NC, 27615.

9. Defendant Plaza Services, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA, with an address for service c/o its registered agent, Incorp Services, Inc., located at 176 Mine Lake CT, Ste 100, Raleigh, NC, 27615.

10. Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of North Carolina;

    b. with whom Defendants communicated in an attempt to collect a consumer debt;

    c. which communications failed to include a notice that the statute of limitations had expired; and

    d. which communications were made on or after a date one (1) year prior to the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692g and 1692f, and N.C. Gen.Stat. 58-70-115(4).

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692f, 1692g and N.C. Gen. Stat. § 58-70-115(4).

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to April 29, 2024, an obligation was allegedly incurred to non-party Advance America (hereinafter, "AA").

22. The Plaintiff disputed all or part of the debt.

23. The AA obligation arose out of transactions which were primarily for personal, family or household purposes, specifically personal credit.

24. The alleged AA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Thus, Advance America is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. The alleged debt, once in default, was eventually acquired by Defendant Plaza Services LLC.

27. Thereafter, Defendant Plaza Services LLC contracted with TrueAccord Corp to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 29, 2024 Letter*

29. On or about April 29, 2024, Defendant TrueAccord sent the Plaintiff via email an initial collection letter (the "Letter") regarding the alleged debt owed. (A true and accurate copy of the Letter mailed from the Defendant to the Plaintiff is attached hereto as Exhibit A.)

30. The Letter states in relevant part:

> Hello Kathleen Mckee. We're TrueAccord Corp, a debt collector. We are trying to collect a debt that you owe to Plaza Services LLC.. We will use any information you give us to help collect the debt.
>
> Our information shows:
> You have an account with Plaza Services, LLC.. The original creditor was Advance America with account number ending in 4816. The address on file for you is <u>13611 Delstone Dr. Huntersville, MI 28078.</u>
>
> As of March 19, 2019 you owed     $172.48
>
> Between March 19, 2019 and today
>
> You were charged this amount in interest    +    $0.00
> You were charged this amount in fees    +    $0.00
> You paid or were credited this amount toward the debt   - $0.00
>
> Total amount of the debt now      $172.49

*See* Exhibit A.

31. The Letter, dated April 29, 2024, was sent over five (5) years after Plaintiff defaulted on the alleged debt.

32. The Statute of Limitations for a debt owed resulting from a contract (express or implied) in the State of North Carolina is three (3) years. N.C. Gen. Stat. § 1-52.

33. Accordingly, TrueAccord's communication with the Plaintiff on April 29, 2024 for purpose of collecting the debt allegedly incurred by Plaintiff from March 19, 2019, was well after the Statute of Limitations had expired and thus the debt was time-barred.

34. In North Carolina General Statutes, it states:

No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following . . . (4) when the collection agency is a debt buyer, or is acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor *or otherwise attempting to collect on a debt when the collection agency knows or reasonably should know, that such collection is barred by the applicable statute of limitations*."

N.C. Gen. Stat. § 58-70-115(4) (emphasis added).

35. Defendant TrueAccord was a "debt collector" collecting the debt on behalf of Defendant Plaza, a "debt buyer", who purchased the alleged debt once in default.

36. Defendant TrueAccord in sending the April 29, 2024 Letter via email requesting for Plaintiff to pay the alleged debt, is a clear attempt to collect a debt pursuant to § 58-70-115(4).

37. Moreover, pursuant to § 1692e Defendants were obligated to inform the Plaintiff that the alleged debt was time barred and thus not legally enforceable.

38. Further, by omitting that the debt was time-barred, Defendants were attempting to mislead the Plaintiff by coercing the Plaintiff to acknowledge the debt and/or to make a partial payment which would then revive and restart the Statute of Limitations.

39. Further, Defendants misrepresented the nature of the debt by failing to include the fact that the debt was not legally enforceable due to the fact that it was time barred.

40. Defendants' conduct prevented the Plaintiff from acting in the way she would have otherwise acted had the Defendants included that the debt was not legally enforceable.

41. Defendants' failure to provide complete information – such as the fact that the Statute of Limitation had expired - are quintessential examples of improper collection tactics that could cause a consumer to pay as a means of avoiding further prosecution by Defendants.

42. These communications are therefore false, deceptive, misleading, and unfair.

43. Further, Defendants' attempting to collect a time barred debt, without notifying the Plaintiff of the status of the debt, certainly meets the criteria for Defendants to violate 1692f as unfair or unconscionable manes to collect or attempt to collect a debt.

44. Because of the Defendants' improper acts, Plaintiff expended time and money in determining the proper course of action.

45. She spent this trying to mitigate harm in the form of dominion and control over her funds.

46. She spent this trying to mitigate the harm from the Defendants' negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

47. Defendants' improper acts caused the Plaintiff to suffer emotional harm, including fear and anxiety.

48. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

49. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50. Moreover, Defendants' conduct caused the Plaintiff to suffer emotional harm in the form of severe anxiety.

51. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts.

52. As described above, Plaintiff was misled to her detriment by the statements in the communication, and relied on the contents of the communications to her detriment.

53. As described above, Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

54. As a result of the Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff incorporates by reference paragraphs numbered 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendants violated § 1692e:

   a. because the Letter omits a required representation(s) concerning the character, amount and/or legal status of the debt in violation of § 1692e(2)(A) by not

including the fact that the debt was time barred due to expiration of Statute of Limitations; and

b. by Defendants' attempting to collect the debt that was time barred, Defendants attempted to coerce the Plaintiff to acknowledge the debt or make a partial payment of the debt in order to revive the Statute of Limitations.

59. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

60. Plaintiff incorporates by reference paragraphs numbered 1 through 54 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. § 1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

63. Defendants violated § 1692f:

a. by failing to include in the Letter the necessary information regarding the debt, such as the material fact that the debt was time barred; and

b. attempting to coerce the Plaintiff to revive the Statute of Limitations.

64. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

65. Plaintiff incorporates by reference paragraphs numbered 1 through 54 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> 
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of

12

Case 5:25-cv-00067-KDB-DCK     Document 1     Filed 04/29/25     Page 12 of 15

the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. Defendant violated this section by, as described above, failing to clearly provide the necessary information regarding the debt specifically that the debt was past the legal statute of limitations for a lawsuit to occur, thereby tainting and overshadowing the information within the Email.

69. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

## VIOLATIONS OF THE NORTH CAROLINA GENERAL STATUTES § 58-70-115(4)

70. Plaintiff incorporates by reference paragraphs numbered 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated North Carolina General Statutes Section 58-70-115(4).

72. In North Carolina General Statutes, it states:

No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following . . . (4) when the collection agency is a debt buyer, or is acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor *or otherwise attempting to collect on a debt when the collection agency knows or reasonably should know, that such collection is barred by the applicable statute of limitations*."

N.C. Gen. Stat. § 58-70-115(4) (emphasis added).

73. Defendants violated N.C. Gen. Stat. § 58-70-115(4):

   a. Defendant TrueAccord was a debt collector collecting the debt on behalf of Defendant Plaza Services, LLC, a debt buyer who acquired the alleged debt from the original creditor, Advance America.

   b. Defendants attempted to collect the alleged debt from Plaintiff in the April 29, 2024 Letter, when in fact, the debt was time barred.

74. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendant's' conduct violated § 58-70-115(4) of the North Carolina General Statutes and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathleen McKee a/k/a Kathleen Albright, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

April 28, 2025

Respectfully Submitted,

**The Emory Law Firm, P.C.**

*s/ C. Randolph Emory*
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Attorneys for Plaintiff*